IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 01-RB-1644 (CBS)

CARTEL ASSET MANAGEMENT, a Colorado corporation,

    Plaintiff,

v.

OCWEN FINANCIAL CORPORATION, a Florida corporation,
OCWEN FEDERAL BANK FSB, a subsidiary of OCWEN FINANCIAL CORPORATION,
OCWEN LOAN SERVING LLC,

    Defendants.

## ORDER CONCERNING SCOPE OF SECOND TRIAL

**Blackburn, J.**

This matter is before me on the following: (1) plaintiff's **Motion for Direction from District Judge Respecting Plaintiff's Request To Conduct Additional Discovery Relating To the Period Following the Initial Trial** [#483] filed May 27, 2008; and (2) **Defendants' Motion for Ruling Limiting Scope of Second Trial** [#484], filed June 16, 2008. Both motions have generated responses and replies.

The motions addressed in this order concern a dispute about the scope of the second trial in this case. This dispute arises from the parties' divergent interpretations of the opinion of the United States Court of Appeals for the Tenth Circuit in this case. *Cartel Asset Management v. Ocwen Financial Corp.*, 249 Fed.Appx. 63 (10th Cir. 2007) (unpublished opinion) (docketed in the above-captioned case at [#438]). The Tenth Circuit remanded this case to this court for a new trial on the plaintiff's claim for damages based on its misappropriation of trade secrets claim. The Tenth Circuit's

opinion describes the relevant facts and law in great detail. Thus, I will summarize briefly the current posture of this case.

Plaintiff Cartel Asset Management sells broker price opinions (BPOs) which contain estimates of the value of specific parcels of real estate. Cartel had developed this aspect of its business by assembling a national list of real estate agents and brokers who could provide BPOs to Cartel. Cartel would re-sell the BPOs at a profit. At one time, the defendants purchased large numbers of BPOs from Cartel. Cartel's misappropriation of trade secrets claim was based on Cartel's claim that the defendants wrongfully misappropriated a substantial portion of Cartel's national list of real estate agents and brokers and that the defendants used that information in the defendants' business.

At the first trial of this case, the jury found in favor of Cartel and against defendant, Ocwen Federal Bank FSB (the bank), on Cartel's claim for misappropriation of trade secrets. The jury found that the other defendants had not misappropriated Cartel's trade secrets. These determinations are not at issue following the Tenth Circuit's remand. Rather, the remand is limited to a new trial to determine the damages, if any, to which Cartel is entitled based on its claim for misappropriation of trade secrets. *Cartel Asset Management*, 249 Fed. Appx. at 82. Cartel's claim for misappropriation of trade secrets was brought under the Colorado Uniform Trade Secrets Act, §§7-74-101 to 7-74-110, C.R.S. Under the Act, a damages award based on a claim for misappropriation of trade secrets "may include both the actual loss caused by misappropriation and the unjust enrichment caused by misappropriation that is not taken into account in computing actual loss." §7-74-104(a), C.R.S. Stated differently, the Act permits a plaintiff "to recover for both compensatory damages and the

defendant's profits from the misappropriation." ***Sonoco Products Co. v. Johnson***, 23 P.3d 1287, 1289 (Colo. App. 2001). At trial Cartel attempted to establish damages in the form of the bank's unjust enrichment as a result of the bank's misappropriation. ***Cartel Asset Management***, 249 Fed. Appx. at 73. Cartel asserted on appeal that it had shown unjust enrichment in two ways. First, Cartel asserted that the bank was able to side-step the lengthy and time consuming process of locating brokers who could provide BPOs by misappropriating Cartel's national list of real estate agents and brokers who could provide BPOs. Cartel says this gave the bank an unfair head start in competing in the BPO vendor market. Second, Cartel alleges that by misappropriating Cartel's list, the bank was able to decrease its costs by decreasing the bank's use of national BPO vendors and increasing its use of individual agents and brokers who provided BPOs to the bank at a lower cost. ***Id***. at 73 - 74.

At the first trial Cartel presented the opinion testimony of James TenBrook in support of its claim for damages on its misappropriation of trade secrets claim. Some of TenBrook's testimony concerning Cartel's damages was based on the assumption that it would have taken the bank about four years to replicate Cartel's list of real estate agents and brokers through the bank's own efforts. ***Id***. at 79. The Tenth Circuit concluded that TenBrook's opinion testimony was inadmissible under Fed. R. Evid. 702, because "TenBrook had no basis for believing a four-year period was an appropriate span for his damage calculations." ***Id***. at 80. "Removing TenBrook's testimony leaves Cartel without evidentiary support for the jury's award of $4,900,000 in actual damages and, in turn, eliminates a basis for the proper amount of punitive damages." ***Id***. However, the Tenth Circuit concluded that Cartel had proven at trial that the bank had benefitted from the misappropriation. ***Id***. at 82. The key unanswered question is the

3

amount of unjust enrichment damages, if any, to which Cartel may be entitled.

After a thorough review of the damages issues raised on appeal, the Tenth Circuit concluded that it could not find that Cartel "would fail to present any evidence of damages should this case be retried." *Id*. at 81 - 82.

> (T)he interests of justice require [that] Cartel have a chance to correct its evidentiary shortcomings before reducing the jury's award to only $1 nominal damages. Accordingly, we remand this case for a new trial on misappropriation and punitive damages. Our remand does not, however, disturb the discretion of the district court to determine the extent it would be appropriate to re-open the record or to consider motions for summary judgment.

*Id*. at 82. In a subsequent order, the Tenth Circuit clarified the scope of its remand.

> Entitlement to punitive damages has been established by the jury subject to proof of actual damages. That issue need not be resurrected. The amount of actual damages (if any) and the amount of punitive damages (if actuals are proved) are proper issues for consideration on remand. The district court is not restricted from consideration of any issues not barred by law of the case and consistent with our Order and Judgment.

***Cartel Asset Management v. Ocwen Financial Corporation***, Nos. 04-1502 & 04-1517 (10th Cir. November 21, 2007) (order denying petition for panel rehearing).

In its present motion Cartel seeks a determination that it is entitled to conduct discovery "relating to the ill-gotten gains, unjust enrichment and benefit realized by [the bank] from its theft of Cartel's trade secret during the period at and following the [first] trial." *Motion for Direction from District Judge Respecting Plaintiff's Request To Conduct Additional Discovery Relating To the Period Following the Initial Trial* [#483], filed May 27, 2008, p. 6. In other words, Cartel seeks to determine if there is evidence that could establish unjust enrichment of the bank beyond the four year window of time on which TenBrook relied to make his damages calculations at the first trial.

In their response to the plaintiff's motion, and in their motion to limit the scope of

the second trial, the defendants argue that the plaintiff may not expand the evidence or its legal theories beyond those disclosed and preserved in the June 4, 2004, Amended Final Pretrial Order [#281], which was entered prior to the first trial. As the bank notes, at the first trial and in the appeal, Cartel took the position that all of the bank's ill-gotten gains could be measured over the four-year period from 2001 to 2004. The bank argues that the "Tenth Circuit did not determine, nor did Cartel ask it to determine, whether Cartel could modify its legal theories and introduce new evidence at the retrial." *Defendants' Reply in Support of Motion for Ruling Limiting Scope of Second Trial* [#490], filed July 11, 2008, p. 7.

Based on my understanding of the Tenth circuit's opinion, I conclude that Cartel is not limited on re-trial to proving unjust enrichment damages only within the four year window proposed by TenBrook. The Tenth Circuit concluded that there was not an adequate factual basis for TenBrook to opine that such a four year window was a proper basis for calculating Cartel's damages. The Tenth Circuit concluded also that "the interests of justice require [that] Cartel have a chance to correct its evidentiary shortcomings . . . ." If at the first trial there was not an adequate evidentiary basis to establish the four year time window as the relevant time window, then one of the issues to be addressed at the second trial is a determination of the relevant window of time. Cartel has been granted an opportunity to correct the evidentiary shortcomings in its damages calculations, which includes the presentation of evidence to establish the relevant time window. Nothing in the Tenth Circuit's opinion indicates that the Tenth Circuit limited Cartel to evidence relevant to the four year window on retrial. If Cartel was required at the second trial to work within the limitations proposed by the bank, then Cartel would not have "a chance to correct its evidentiary shortcomings." **Cartel**

5

***Asset Management***, 249 Fed. Appx. at 82.

Cartel proposes to examine additional evidence concerning events that occurred during and following the first trial to determine if it can demonstrate damages that accrued during and after the first trial. Although not certain, it is readily conceivable that under the applicable law damages for unjust enrichment accrued during and after the first trial. There is no principled basis on which to limit Cartel's opportunity to "correct its evidentiary shortcomings" to a particular period of time.

The bank argues that the plaintiff's motion properly should be seen as an objection under Fed. R. Civ. P. 72 to the discovery orders of Magistrate Judge Shaffer. As detailed by Cartel in its reply [#488], Magistrate Judge Shaffer denied without prejudice Cartel's request to conduct additional discovery, pending a determination by me of the scope of the second trial. In its present motion Cartel seeks a determination of the scope of the second trial, so the scope of any additional discovery also can be determined. Cartel's motion does not constitute a Rule 72 objection because Cartel does not challenge Magistrate Judge Shaffer's denial, without prejudice, of Cartel's request to conduct additional discovery.

Finally, the bank argues that Cartel is seeking to modify the existing pretrial order [#281] without adequate basis. Under Fed. R. Civ. P. 16(e), a final pretrial order may be modified "only to prevent manifest injustice." The bank argues that the current pretrial order limits Cartel to a damages theory based on the four year window proposed by TenBrook at the first trial. I note that the four year damages time window is not mentioned specifically in the Amended Pretrial Order [#281], filed June 4, 2004. However, TenBrook is listed in the pretrial order as the plaintiff's damages expert.

I conclude that Cartel continues to pursue the same damages theory it pursued

in the first trial. Following the Tenth Circuit's remand, however, Cartel seeks to examine additional evidence to determine if the relevant damages time window extends beyond the four year time window proposed by TenBrook at the first trial. Again, addressing the issue of the damages window, the Tenth Circuit concluded that Cartel did not establish a proper basis for a four year time window at the first trial, and that Cartel should have a chance to correct its evidentiary shortcomings. **Cartel Asset Management**, 249 Fed. Appx. at 82. In its order, the Tenth Circuit noted that when a new trial is in the offing, if a "'party makes a timely motion to produce new and material evidence which was not otherwise readily accessible or known, the court should, within the exercise of discretion, consider whether denial of the new evidence would create a manifest injustice . . . .'" *Id*. (quoting **Cleveland v. Piper Aircraft Corp.**, 985 F.2d 1438, 1450 (10th Cir. 1993)).

In view of the Tenth Circuit's direction that Cartel have a chance to correct its evidentiary shortcomings by establishing a basis for a relevant time window in which to calculate damages, I conclude that it would create manifest injustice to prohibit Cartel from examining the additional evidence it seeks to examine. The evidence Cartel seeks is relevant to damages and to the proper time window in which to calculate damages. Further, the evidence Cartel seeks to examine was developed during or after the first trial so this evidence was not readily accessible or known at the time of the first trial.

**THEREFORE, IT IS ORDERED** as follows:

1. That the plaintiff's **Motion for Direction from District Judge Respecting Plaintiff's Request To Conduct Additional Discovery Relating To the Period Following the Initial Trial** [#483], filed May 27, 2008, is **GRANTED** in part as specified in this order;

7

2. That the plaintiff **SHALL BE PERMITTED** to present evidence at the second trial concerning unjust enrichment of defendant, Ocwen Federal Bank FSB, from the date of the first trial in this case, June 30, 2004, and into the future;

3. That the Amended Pretrial Order [#281], filed June 4, 2004, is **AMENDED** further to include a provision that permits the plaintiff to present evidence of damages for unjust enrichment for the period beginning on June 30, 2004, and into the future;

4. That any new pretrial order entered in this case **SHALL INCLUDE** such a provision;

5. That the **Defendants' Motion for Ruling Limiting Scope of Second Trial** [#484], filed June 16, 2008, is **DENIED**;

6. That Cartel's requests to approve service of written discovery and to approve the conduct of a Rule 30(b)(6) examination, as stated in the **Motion for Direction from District Judge Respecting Plaintiff's Request To Conduct Additional Discovery Relating To the Period Following the Initial Trial** [#483], filed May 27, 2008, **ARE REFERRED** to Magistrate Judge Craig Shaffer.

Dated February **3**, 2009, at Denver, Colorado.

                                                            **BY THE COURT:**

*Robert E. Blackburn*
Robert E. Blackburn
United States District Judge