IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 01-cv-01644-REB-CBS

CARTEL ASSET MANAGEMENT,

    Plaintiff,
v.

OCWEN FINANCIAL CORPORATION,
OCWEN FEDERAL BANK FSB, and
OCWEN LOAN SERVICING,

    Defendants.

---

**RECOMMENDATION ON DEFENDANTS' MOTION
FOR LEAVE TO AMEND ANSWER TO ASSERT UNCLEAN
HANDS AFFIRMATIVE DEFENSE**

---

Magistrate Judge Shaffer

    THIS MATTER comes before the court on Defendants, Owen Financial Corporation, Ocwen Federal Bank FSB, and Ocwen Loan Servicing's (collectively "the Ocwen Defendants") Motion for Leave To Amend Answer to Assert Unclean Hands Affirmative Defense (doc. # 614), filed on July 2, 2010. Plaintiff Cartel Asset Management filed a Response in Opposition (doc. # 639) on July 19, 2010, which was followed by Defendants' Reply in Support of Motion (doc. # 647) on July 29, 2010. This court heard oral argument on the instant motion on August 2, 2010. The court has carefully considered the instant motion and related briefing, counsels' oral arguments, the entire case file and the applicable case law. For the following reasons, I

recommend that Defendants' motion be denied.[1]

## FACTUAL BACKGROUND

This matter is presently set for trial to commence on September 13, 2010. The focus of that trial will be limited to the actual and punitive damages, if any, to which Cartel is entitled based on its claim for misappropriation of trade secrets. *See* Order Concerning Scope of Second Trial (doc. # 492), at 2.

> Cartel's claim for misappropriation of trade secrets was brought under the Colorado Uniform Trade Secrets Act, §§7-74-101 to 7-74-110, C.R.S. Under the Act, a damages award based on a claim for misappropriation of trade secrets "may include both the actual loss caused by misappropriation and the unjust enrichment caused by misappropriation that is not taken into account in computing actual loss." Stated differently, the Act permits a plaintiff "to recover for both compensatory damages and the defendant's profits from the misappropriation."

*Id.* at 2-3.

With the instant motion, the Ocwen Defendants seek leave to amend their Answer to assert the affirmative defense of unclean hands. The Ocwen Defendants contend that an unclean hands defense is supported by Mr. Coats' trial testimony in 2004 and the testimony he gave on June 10, 2010 as Cartel's Fed. R. Civ. P. 30(b)(6) designee. At the original trial, Mr. Coats estimated that Cartel owed "close to $4,000,000" to "approximately 20,000 agents." Mr. Coats testified that the BPO providers "[are] going to be paid however I can pay them. It's never been

---

[1] At the conclusion of the August 2nd hearing, I "denied" the Ocwen Defendants' Motion for Leave to Amend Answer. Given the dispositive implications of Defendants' motion, *see, e.g., Pedro v. Armour Swift-Eckrich*, 118 F. Supp. 2d 1155, 1157 (D. Kan. 2000) (suggesting that an order denying a motion to amend may be dispositive if the order effectively removes a claim or defense from the action), I should have characterized my comments as a "recommendation" rather than a "ruling." Defendants' deadline for seeking relief under Fed. R. Civ. P. 72(b)(2) should run from the date of this Recommendation, rather than the hearing on August 2, 2010..

my goal to stiff an agent, ever."[2] During the 2010 deposition, Mr. Coats acknowledged that after 2004, Cartel Asset Management wrote off $3,900,000 in debt to BPO providers. Mr. Coats also conceded that his company received $562,000 from Owen Financial Corporation following the Tenth Circuit's decision upholding the earlier judgment against Ocwen Technology Exchange ("OTX").[3] It is apparently undisputed that none of the $562,000 has been used to pay BPO providers. Ocwen further asserts that Cartel Asset Management transferred nearly $1,000,000 to Mr. Coats "in the form of tax-free 'loans.'" The Ocwen Defendants insist that an unclean hands defense is warranted because "instead of paying BPO providers . . . as it promised the jury and Court it would do, Cartel wrote off millions of dollars of debt to the providers and used the very money it promised to pay its BPO providers to make personal loans to Coats."

## ANALYSIS

It is undisputed that the court-imposed deadline in this case for amending pleadings has long passed. That would normally require the court to begin its analysis with Fed. R. Civ. P. 16(b), which provides that a scheduling order "may be modified only for good cause and with the judge's consent." *See* Fed.R.Civ.P. 16(b)(4). *See also* D.C. COLO. LCivR 16.1 ("The schedule established by a scheduling order shall not be modified except upon a showing of good cause and by leave of court"). Lower courts in the Tenth Circuit have repeatedly looked first to Rule 16(b)(4) where a party seeks leave to amend pleadings after the deadline for amending

---

[2]Plaintiff's counsel reiterated this point in closing argument, suggesting that Ocwen should be required to disgorge the benefit derived from Cartel's database, "which benefit . . . can be distributed to those Realtors nationwide who have provided BPOs for the benefit of Ocwen."

[3]Cartel Asset Management originally alleged that OTX breached the terms of a confidentiality agreement by misappropriating Cartel's trade secrets.

pleadings has passed.  *See, e.g., Philippus v. Aetna Health, Inc.*, 2010 WL 148282, at *2-3 (D. Colo. 2010); *Texas Instruments, Inc. v. BIAX Corp.*, 2009 WL 3158155, at *1-2 (D. Colo. 2009); *Jenkins v. FMC Technologies, Inc.*, 2009 WL 1464416, at *1-2 (D. Colo. 2009); *Dias v. City and County of Denver, Colorado*, 2007 WL 4373229, at *2-3 (D. Colo. 2007).  *See also Capital Solutions LLC v. Konica Minolta Business Solutions USA, Inc.*, 2009 WL 3711574, at *8 (D. Kan. 2009) and cases cited therein.

If the court found good cause to extend the deadline for amending pleadings, I would then turn to Fed. R. Civ. P. 15(a) (2), which states, in pertinent part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave."  It is well-settled that motions to amend should be freely granted when justice requires.  *See, e.g., Bellairs v. Coors Brewing Co.*, 907 F. Supp. 1448, 1459  (D. Colo. 1995).  In considering the "needs of justice," the court must take into consideration the interests of all parties.  A motion to amend must be left to the sound discretion of the district court, and must be decided based upon a careful evaluation of multiple factors.  *State Distribs., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984).  *See also Bauchman v. West High School*, 132 F.3d 542, 559 (10th Cir. 1997).

A motion to amend may be denied because of "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . ."  *Foman v. Davis,* 371 U.S. 178, 182 (1962).  Although Cartel Asset Management challenges the timeliness of Defendants' motion under both Rules 16(b) and 15(a), the court need not resolve that issue as I find the proposed amendment would be futile.

While Fed. R. Civ. P. 15(a) requires that leave to amend be freely given, that requirement does not apply where an amendment obviously would be futile. *T.V. Communications Network, Inc. v. Turner Network Television, Inc.*, 964 F.2d 1022, 1028 (10th Cir. 1992). *See also Simon v. Navon*, 951 F. Supp. 279, 283-84 (D. Me. 1997) (motion to amend may be denied where proposed amendment advances claim that is legally insufficient on its face). Where a party opposes a motion to amend on grounds of futility, the court must apply the same standard that governs a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Upsher-Smith Laboratories, Inc. v. Mylan Laboratories, Inc.*, 944 F. Supp. 1411, 1441 (D. Min. 1996). *See also Jefferson County School District No. R-1 v. Moody's Investor's Services, Inc.*, 175 F.3d 848, 859 (10th Cir. 1999) (proposed amendment is futile if the complaint, as amended, would be subject to dismissal).

"The clean hands doctrine is one of public policy, devised to protect the integrity of the court." *Salzman v. Bachrach*, 996 P.2d 1263, 1269 (Colo. 2000).

> Whether the clean hands doctrine applies in a given case is a question of fact. Because equitable matters such as this are entirely discretionary, it is within the trial court's discretion to determine not only whether the facts support a finding of unclean hands, but also whether to grant equitable relief based on such findings.

*Premier Farm Credit, PCA v. W-Cattle, LLC*, 155 P.3d 504, 520 (Colo. App. 2007). As the United States Supreme Court observed in *Keystone Driller Co. v. General Excavator Co.*, 290 US. 240, 245 (1933), the court's equitable powers cannot be invoked by a party "who has acted fraudulently, or who by deceit or any unfair means has gained an advantage." However, courts should apply the doctrine and "close their doors because of plaintiff's misconduct" only "for such violations of conscience as in some measure affect the equitable relations between the parties in respect of something brought before the court for adjudication." *Id. See also Murray v. Conseco, Inc.*, 2009 WL 1357235, at *2 (S.D. Ind. 2009) (holding that the unclean hands

doctrine "prohibits a wrongdoer from enjoying the fruits of his transgression that in some measure affect the equitable relations between the parties regarding a claim before the Court"); *Ajay Sports, Inc. v. Casazza*, 1 P.3d 267, 276 (Colo. App. 2000) (holding that for the doctrine of unclean hands to apply, "the inequitable conduct must have an immediate and necessary relation to the claims under which relief is sought").

"Unclean hands . . . is an equitable defense that must be pled with the specific elements required to establish the defense." *MPC Containment Systems, Ltd, v. Moreland*, 2008 WL 1775501, at *5 (N.D. Ill. 2008). To support a defense of unclean hands, a defendant must show that the party seeking equitable relief is (1) guilty of conduct involving fraud, deceit, unconscionability, or bad faith, (2) directly related to the matter at issue, (3) that injures the other party, and (5) affects the balance of equities between the litigants. *New Valley Corp. v. Corporate Property Associates 2 and 3*, 181 F.3d 517, 523 (3rd Cir. 1999). *Cf. Sheehy v. New Century Mortgage Corp.*, 690 F. Supp. 2d 51, 69 (E.D.N.Y. 2010) ("The doctrine of unclean hands is 'never used unless the plaintiff is guilty of immoral, unconscionable conduct and even then only when the conduct relied on is directly related to the subject matter in litigation and the party seeking to invoke the doctrine was injured by such conduct'"); *Pediamed Pharmaceuticals, Inc. v. Breckenridge Pharmaceutical, Inc.*, 419 F. Supp. 2d 715, 727 (D. Md. 2006) ("An unclean hands defense requires that Defendants show they were injured by Plaintiff's conduct.").

Even accepting the Ocwen Defendants' assertions as true for purposes of the instant motion, I fail to see how the conduct or statements cited in support of the instant motion were directed toward or injured any of the Defendants. *Cf. Aristocrat Technologies v. International Game Technoogy*, 2010 WL 2595151, at * 2-3 (N.D. Cal. 2010) (in denying as futile defendant's

motion for leave to assert an unclean hands defense, held that defendant had failed to plead sufficient facts to support that defense); *In re Montagne*, 2010 WL 424224, at *9 (D. Vt. 2010) (held that defendant's proposed amendment was futile because even if the alleged facts were true, they would be insufficient to establish the affirmative defense of unclean hands); *Regents of University of California v. Micro Therapeutics Inc.*, 2006 WL 449134, at *2 (N.D. Cal. 2006) (denying the third-party defendants' motion to amend after concluding that a defense of unclean hands would be futile; noted that "[w]hat is material is not that the plaintiff's hands are dirty, but that he dirtied them in acquiring the right he now asserts").

While the Ocwen Defendants may wish to cast Mr. Coats in a negative light, Cartel Asset Management's failure to reimburse its BPO brokers with proceeds from the first trial and its accounting treatment of corporate debts did not induce action by the Ocwen Defendants or change the equitable relations between the specific parties to this lawsuit. *Cf. Home Management Solutions, Inc. v. Prescient, Inc.*, 2007 WL 2412834, at *4 (S.D. Fla. 2007) (striking defendant's affirmative defense of unclean hands based on the defendant's failure to plead any supporting facts or the elements of that defense). Viewed objectively, Defendants' proposed affirmative defense merely seeks to punish Mr. Coats and Cartel Asset Management for "extraneous transgressions" that are logically distinct from the wrongful conduct that forms the basis for Defendants' liability.

Accordingly, this court RECOMMENDS that the Ocwen Defendants' Motion for Leave To Amend Answer to Assert Unclean Hands Affirmative Defense (doc. # 614) be DENIED.

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).

The district judge shall make a *de novo* determination of those specific portions of the proposed findings or recommendations to which specific objection is made. 28 U.S.C. § 636(b)(1). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. *See In re Griego*, 64 F.3d at 583; *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *One Parcel of Real Property*, 73 F.3d at 1060. Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (district court's decision to review a magistrate's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a

8

party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate's ruling).

Dated this 11th day of August, 2010.

BY THE COURT:

s/ Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge