# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Case No. 01-cv-01644-REB-CBS

CARTEL ASSET MANAGEMENT, a Colorado corporation,

    Plaintiff,

v.

OCWEN FINANCIAL CORPORATION, a Florida corporation;
OCWEN FEDERAL BANK FSB, a subsidiary of OCWEN FINANCIAL CORPORATION and
OCWEN LOAN SERVICING, LLC,

    Defendants.

## ORDER DENYING DEFENDANTS' JOINT MOTION TO BIFURCATE TRIAL

**Blackburn, J.**

    The matter before me is **Defendants' Motion To Bifurcate Trial** [#626][1], filed July 9, 2010. The plaintiff filed a response [#644]. I deny the motion.

    Pursuant to Fed.R.Civ.P. 42(b), I may order a separate trial of any claim to avoid prejudice, or to further convenience or economy, always preserving inviolate the parties' Seventh Amendment right to trial by jury. "The district courts have broad discretion in deciding whether to sever issues for trial and the exercise of that discretion will be set aside only if clearly abused." *Green Construction Co. v. Kansas Power & Light Co.*, 1 F.3d 1005, 1011 (10th Cir. 1993) (internal quotation and citation omitted).

    Bifurcation is the exception, not the rule. **FED.R.CIV.P.** 42(b), Advisory

---

[1] "[#626]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

Committee Notes (noting that "separation of issues for trial is not to be routinely ordered").  Generally, bifurcation is appropriate only when the issues clearly are separable.  *Angelo v. Armstrong World Industries, Inc*., 11 F.3d 957, 964 (10th Cir. 1993).  "[T]he presumption is that the plaintiff, in a typical case, should be allowed to present her case in the order she chooses.  The burden is on the [movant] to convince the court that a separate trial is proper in light of the general principle that a single trial tends to lessen the delay, expense and inconvenience to all parties."  *Patten v. Lederle Laboratories*, 676 F.Supp. 233, 238 (D. Utah 1987) (citation and internal quotation marks omitted).

I conclude that the defendants have not shown that bifurcation is appropriate in this case.  Most important in this case, the issues of the amount of actual damages, if any, and the amount of punitive damages are inextricably concatenated rather than readily separable.  In addition, a significant amount of evidence is relevant to both issues.  I conclude that, if anything, bifurcating the trial will create more delay, inconvenience, confusion, and prejudice than it will obviate.

**THEREFORE, IT IS ORDERED** that the **Defendants' Motion To Bifurcate Trial** [#626], filed July 9, 2010, is **DENIED**.

Dated September 3, 2010, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge