# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Case No. 01-cv-01644-REB-CBS

CARTEL ASSET MANAGEMENT, a Colorado corporation,

    Plaintiff,

v.

OCWEN FINANCIAL CORPORATION, a Florida corporation;
OCWEN FEDERAL BANK FSB, a subsidiary of OCWEN FINANCIAL CORPORATION
and
OCWEN LOAN SERVICING, LLC,

    Defendants.

## ORDER DENYING MOTION IN LIMINE [#661]

**Blackburn, J.**

    This matter is before me on the plaintiff's **Motion *in Limine* for *res Judicata /* "Law of the Case" Determination** [#661][1] filed August 9, 2010. The defendants filed a response [#706], and the plaintiff filed a reply [#712]. I deny the motion.

    This case is set for trial beginning on September 13, 2010. The trial is a re-trial on the issue of actual and punitive damages for misappropriation of trade secrets. The re-trial was ordered by the United States Court of Appeals for the Tenth Circuit. ***Cartel Asset Management v. Ocwen Financial Corp., et al.***, Nos. 04-1502 & 04-1517, 249 Fed. Appx. 63 (10th Cir. 2007). In its motion, the plaintiff, Cartel Asset Management, argues that the defendants should be precluded in the second trial from re-litigating a

---

[1] "[#661]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

particular issue based on the doctrines of *res judicata* and law of the case. Specifically, Cartel seeks an order precluding the defendants from introducing at the second trial any evidence contrary to the proposition that, at the time defendant Ocwen Realty Advisors stole Cartel's database of broker price opinion (BPO) providers, Ocwen Realty Advisors had exhausted its ability to build independently a database of BPO providers. *Motion* [#661], p. 8.

I have reviewed carefully the opinion of the United States Court of Appeals for the Tenth Circuit in **Cartel Asset Management v. Ocwen Financial Corp., et al.**, Nos. 04-1502 & 04-1517, 249 Fed. Appx. 63 (10th Cir. 2007). In light of that opinion, I conclude that neither the doctrine of *res judicata* nor the doctrine of law of the case preclude the defendants from introducing at the second trial evidence that the defendants may have been able to develop independently a database of BPO providers. The fact that two witnesses testified as described in Cartel's motion [#661] does not preclude the defendants from introducing, at the second trial, evidence that may differ from the testimony of those two witnesses.

**THEREFORE, IT IS ORDERED** that the plaintiff's **Motion *in Limine* for *res Judicata* / "Law of the Case" Determination** [#661] filed August 9, 2010, is **DENIED**.

Dated September 3, 2010, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge

2