**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 01-cv-01644-REB-CBS

CARTEL ASSET MANAGEMENT, a Colorado corporation,

    Plaintiff,

v.

OCWEN FINANCIAL CORPORATION, a Florida corporation;
OCWEN FEDERAL BANK FSB, a subsidiary of OCWEN FINANCIAL CORPORATION
and
OCWEN LOAN SERVICING, LLC,

    Defendants.

## ORDER DENYING MOTION IN LIMINE [#658] WITHOUT PREJUDICE

**Blackburn, J.**

    This matter is before me on the plaintiff's **Motion *in Limine* for Determination that Burden of Proof has Shifted To the Ocwen Defendants** [#658] filed August 6, 2010. The defendants filed a response [#703 (sealed entry) #710 (public entry)], and the plaintiff filed a reply [#722]. I deny the motion without prejudice.

    This case is set for trial beginning on September 13, 2010. The trial is a re-trial on the issue of actual and punitive damages for misappropriation of trade secrets. The re-trial was ordered by the United States Court of Appeals for the Tenth Circuit. ***Cartel Asset Management v. Ocwen Financial Corp., et al.***, Nos. 04-1502 & 04-1517, 249 Fed. Appx. 63 (10th Cir. 2007). In its motion, the plaintiff, Cartel Asset Management, argues that the burden of proof at trial has shifted to the defendants on the following issues related to the measurement of damages: (1) establishing the portion, if any, of

the gross revenues realized by defendant Ocwen Realty Advisors that are not attributable to the defendants' theft of Cartel's trade secrets; and (2) establishing all costs and expenses that properly are deductible from Ocwen Realty Advisors' gross revenues, for the purpose of assessing damages. Cartel proposes that these assessments must be made for the time period from 2000 through the third quarter of 2009.

In its opinion, the Tenth Circuit concluded that Cartel presented, at the first trial, evidence sufficient to support a reasonable inference that Ocwen Realty Advisors reported net profits during the relevant period. ***Cartel Asset Management***, 249 Fed. Appx. at 79.

> Therefore, the district court erred in placing the onus on Cartel to provide specific net profits from the sale of BPOs. Ocwen Advisors is in the best position to rationally apportion its net profits between its product streams and the costs associated with its BPO business. Because the absence of evidence is directly attributable to Ocwen's failure to provide the data, it was not unreasonable for TenBrook [an expert witness for Cartel] to apply the same profit ratio for all product lines to one product.

***Id***. Based on this and other parts of the Tenth Circuit's order, Cartel contends that, for purposes of the second trial, the burden of proof already has shifted to the defendants on the two issues specified above. I disagree.

The nature of the evidence to be presented at the second trial, obviously, is not yet known. It may well be that, at the second trial, Cartel will present evidence of Ocwen's profits sufficient to cause the burden of proof to shift to the defendants on the issues specified above. Of course, I cannot assess the sufficiency of Cartel's evidence until it has been presented. On the present record, I also cannot determine whether or not, after the remand, the defendants may have cured the failure to provide relevant data that was noted by the Tenth Circuit. Therefore, Cartel's motion is denied without

prejudice.

I note also that Cartel proposes in its motion that the defendants have the burden of proof to show (1) the portion, if any, of the gross revenues realized by defendant Ocwen Realty Advisors that are not attributable to the defendants' theft of Cartel's trade secrets; and (2) the costs and expenses that properly are deductible from Ocwen Realty Advisors' gross revenues, for the period from 2000 to the third quarter of 2009. It has not yet been demonstrated or determined that this time window is the appropriate time window over which an assessment of damages based on the defendants' net profits should be made. This issue also cannot be resolved until evidence has been presented at trial.

**THEREFORE, IT IS ORDERED** that the plaintiff's **Motion *in Limine* for Determination that Burden of Proof has Shifted To the Ocwen Defendants** [#658] filed August 6, 2010, is **DENIED** without prejudice.

Dated September 3, 2010, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge