**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 01-cv-01644-REB-CBS

CARTEL ASSET MANAGEMENT, a Colorado corporation,

    Plaintiff,

v.

OCWEN FINANCIAL CORPORATION, a Florida corporation;
OCWEN FEDERAL BANK FSB, a subsidiary of OCWEN FINANCIAL CORPORATION
and
OCWEN LOAN SERVICING, LLC,

    Defendants.

## ORDER DENYING MOTION IN LIMINE [#666]

**Blackburn, J.**

This matter is before me on the plaintiff's **Motion *in Limine* for "Judicial Estoppel" Determination** [#666][1] filed August 10, 2010. The defendants filed a response [#699], and the plaintiff filed a reply [#715]. I deny the motion.

This case is set for trial beginning on September 13, 2010. The trial is a re-trial on the issue of actual and punitive damages for misappropriation of trade secrets. The re-trial was ordered by the United States Court of Appeals for the Tenth Circuit. ***Cartel Asset Management v. Ocwen Financial Corp., et al.***, Nos. 04-1502 & 04-1517, 249 Fed. Appx. 63 (10th Cir. 2007). In its motion, the plaintiff, Cartel Asset Management, argues that the doctrine of judicial estoppel bars the defendants from presenting

---

[1] "[#666]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

evidence at the second trial demonstrating that the defendants are able to determine the revenues, costs, and profits arising from the defendants' broker price opinion (BPO) product line separately from revenues, costs, and profits associated with other products sold by the defendants. Cartel argues that judicial estoppel is applicable to this issue because prior to and at the first trial, the defendants took the inexorable position that they could not account for revenues, costs, and profits arising from its BPO product line separately from revenues, costs, and profits associated with other products sold by the defendants.

On appeal, the Tenth Circuit held that the court in the first trial

> erred in placing the onus on Cartel to provide specific net profits from the sale of BPOs. Ocwen Advisors is in the best position to rationally apportion its net profits between its product streams and the costs associated with its BPO business. Because the absence of evidence is directly attributable to Ocwen's failure to provide the data, it was not unreasonable for TenBrook [an expert witness for Cartel] to apply the same profit ratio for all product lines to one product.

**Cartel Asset Management**, 249 Fed. Appx. at 79. Following the Tenth Circuit's remand, the defendants take the position now that they have been able to account separately for revenues, costs, and profits arising from its BPO product line. To a significant degree, the defendants' current position on this issue differs from the defendants' position before and at the first trial.

In a diversity case, such as this one, the court must apply state law concerning the doctrine of judicial estoppel. **Okland Oil Co. v. Conoco Inc.**, 144 F.3d 1308, 1325 (10th Cir. 1998). Under Colorado law, judicial estoppel has five elements.

> [F]irst, the two positions must be taken by the same party or parties in privity with each other; second, the positions must be taken in the same or

> related proceedings involving the same parties or parties in privity with
> each other; third, the party taking the positions must have been successful
> in maintaining the first position and must have received some benefit in
> the first proceeding; fourth, the inconsistency must be part of an
> intentional effort to mislead the court; and fifth, the two positions must be
> totally inconsistent – that is, the truth of one position must necessarily
> preclude the truth of the other.

***Arko v. People***, 183 P.3d 555, 560 (Colo. 2008) (quoting ***Estate of Burford v. Burford***, 935 P.2d 943, 948 (Colo. 1997)).

I have reviewed carefully the arguments advanced, authorities cited, and exhibits tendered by the parties. Based on that review, I conclude that judicial estoppel is not applicable to the defendants' position on its ability to account for revenues, costs, and profits arising from its BPO product line separately from revenues, costs, and profits associated with other products sold by the defendants. I have reviewed the deposition testimony of the defendants' designee under FED. R. CIV. P. 30(b)(6), Arthur Castner. *Motion* [#666], Exhibit A; *Response* [#699], Exhibit C. Castner's deposition was taken before the first trial. I conclude that Castner's testimony on the issue in question here is equivocal. Cartel contends, in its reply, that defense counsel took an unequivocal position on this issue in a letter sent to Cartel's counsel after the Castner deposition.[2] *Reply* [#715], p. 3. According to Cartel, defense counsel said in that letter that "income from BPO sales . . . cannot be 'unbundled' from the revenue that [Ocwen Realty Advisors] receives from its customers for its valuation work." *Id.* Assuming, *arguendo*, that counsel's unequivocal statement should be viewed in isolation, and that the defendants' current position is diametrically opposed to that statement, judicial estoppel

---

[2] Cartel indicates in its reply [#715], at page 3, that a copy of the letter is attached to the reply, but the reply does not include such an attachment.

still is not applicable. First, it is difficult to see how the defendants received some benefit from their position in the first proceeding. Notably, the Tenth Circuit imposed a substantial burden, a shifting of the burden of proof to the defendants on certain issues, based on the defendants' position. Second, I conclude that the record does not demonstrate that the defendants' position in the first trial, and in the appeal, was part of an intentional effort by the defendant to mislead the court.

**THEREFORE, IT IS ORDERED** that the plaintiff's **Motion *in Limine* for "Judicial Estoppel" Determination** [#666] filed August 10, 2010, is **DENIED** without prejudice.

Dated September 3, 2010, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge