IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Robert E. Blackburn**

Civil Case No. 01-cv-01644-REB-CBS

CARTEL ASSET MANAGEMENT, a Colorado corporation,

    Plaintiff,

v.

OCWEN FINANCIAL CORPORATION, a Florida corporation;
OCWEN FEDERAL BANK FSB, a subsidiary of OCWEN FINANCIAL CORPORATION
and
OCWEN LOAN SERVICING, LLC,

    Defendants.

## ORDER DENYING MOTIONS IN LIMINE

**Blackburn, J.**

    This matter is before me on the following: (1) **Defendants' Motion *In Limine* for Protective Order to Exclude Evidence Regarding (1) Executive Compensation; (2) Discovery Disputes and Sanctions; and (3) Offshoring** [#675][1]; and (2) **Defendants' Motion *In Limine* Regarding Nonparty Revenue and Irrelevant Testimony of Third Party Witness Mark Sennott** [#676], both filed August 12, 2010. The plaintiff filed responses [#694 & #695]. I deny both motions.

    In their motions in limine, the defendants argue that evidence concerning the following topics is inadmissible at trial because it is irrelevant and/or unduly prejudicial: (1) the compensation of executives for the defendants; (2) discovery disputes and

---

[1] "[#675]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

sanctions in this case; (3) the defendants' use of workers in India for some of their work; and (4) revenue associated with a product known as REALTrans.  In addition, the defendants' seek to exclude at least some of the testimony of witness Mark Sennott because it is irrelevant and because it constitutes improper opinion testimony.

I conclude that the issues raised in the defendants' motions in limine are evidence driven and cannot be resolved until evidence is presented at trial.[2]  Of course, no trial evidence yet has been presented, and the evidentiary context of this case remains uncertain.  The relevance of the evidence in question, and its potential to cause unfair prejudice or confusion, to mislead the jury, or to waste time, cannot be determined until the evidentiary landscape becomes clear at trial.  Similarly, the relevance of Mark Sennott's anticipated testimony and its admissibility as either lay opinion or expert opinion testimony cannot be determined on the current record.  Rather, these determinations cannot be made properly until the evidentiary landscape becomes clear at trial.

**THEREFORE, IT IS ORDERED** as follows:

1.  That **Defendants' Motion in Limine for Protective Order to Exclude Evidence Regarding (1) Executive Compensation; (2) Discovery Disputes and Sanctions; and (3) Offshoring** [#675] filed August 12, 2010, is **DENIED** without prejudice; and

---

[2]  I specifically discourage the filing of such motions in my Practice Standards.  REB Civ. Practice Standard V.F.

2. That **Defendants' Motion *In Limine* Regarding Nonparty Revenue and Irrelevant Testimony of Third Party Witness Mark Sennott** [#676], filed August 12, 2010, is **DENIED** without prejudice.

Dated September 7, 2010, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge