**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 01-cv-01644-REB-CBS

CARTEL ASSET MANAGEMENT, a Colorado corporation,

    Plaintiff,

v.

OCWEN FINANCIAL CORPORATION, a Florida corporation;
OCWEN FEDERAL BANK FSB, a subsidiary of OCWEN FINANCIAL CORPORATION
and
OCWEN LOAN SERVICING, LLC,

    Defendants.

## ORDER DENYING DEFENDANTS' MOTION *IN LIMINE* AND RULE 702 MOTIONS

**Blackburn, J.**

    This matter is before me on the following motions: (1) **Defendants' Motion To Strike Plaintiff's Expert Designation of Steven J. Hazel** [#690][1] (sealed), [#692] (public entry for #690) filed August 17, 2010; (2) **Defendants' Motion To Strike Plaintiff's Expert Designation of James TenBrook** [#691] (sealed), [#693] (public entry for #691) filed August 17, 2010; (3) **Defendants' Motion *In Limine* to Bar Plaintiff from Introducing Evidence Contrary to the Mandate of the Tenth Circuit and the Law of the Case** [#702] (sealed), [#709] (public entry for #702) filed August 20, 2010; and (4) **Plaintiff's Motion to Strike Defendants' Untimely Pre-trial Motions** [#707] filed August 23, 2010. The plaintiff filed a response [#736] to the motion to strike.

---

[1] "[#690]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

I deny each of these motions.

## I.  SCOPE OF REMAND

In their motion [#702] to bar plaintiff from introducing evidence contrary to the mandate of the United States Court of Appeals for the Tenth Circuit, the defendants argue that the Tenth Circuit's remand in this case must be read narrowly and that based on the remand, the plaintiff may not present at the upcoming trial any new damages theories or new evidence to support such theories.  I conclude that the Tenth Circuit's remand is not as narrow as the defendants propose.

The Tenth Circuit remanded this case to this court "for a new trial on misappropriation and punitive damages."  *Cartel Asset Management v. Ocwen Financial Corp., et al.*, Nos. 04-1502 & 04-1517, 249 Fed. Appx. 63, 82 (10th Cir. 2007).  Subsequently, the court clarified the scope of its remand:

> [W]e clarify the scope of our remand. Entitlement to punitive damages has been established by the jury subject to proof of actual damages. That issue need not be resurrected. The amount of actual damages (if any) and the amount of punitive damages (if actuals are proved) are proper issues for consideration on remand. The district court is not restricted from consideration of any issues not barred by law of the case and consistent with our Order and Judgment.

*Cartel Asset Management v. Ocwen Financial Corp., et al.*, Nos. 04-1502 & 04-1517, 2007 U.S. App. Lexis 30576 (10th Cir. November 21, 2007).

Considering the foregoing, the Tenth Circuit's opinion as a whole, as well as the plaintiff's Seventh Amendment right to a jury trial, I conclude that the plaintiff may present new theories and new evidence concerning damages at the upcoming trial.  Therefore, I deny the defendants' motion [#702].

## II. RULE 702 MOTIONS

### A. Standard of Review

Rule 702 of the Federal Rules of Evidence, which governs the admissibility of expert witness testimony, provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

FED.R.EVID. 702. The standards outlined in Rule 702 implicate, of course, the standards for admission of opinion testimony stated in the so-called *Daubert* trilogy. *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579 (1993); *Gen. Elec. Co. v. Joiner*, 522 U.S. 136 (1997); *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999). The court's application of the standards of Rule 702 and the related cases is "a flexible and commonsense undertaking in which the trial judge is granted broad latitude in deciding both how to determine reliability as well as in the ultimate decision of whether the testimony is reliable." *Smith v. Ingersoll-Rand Co.*, 214 F.3d. 1235, 1243 (10th Cir. 2000) (internal quotation and citations omitted). The Supreme Court has described the court's role in weighing expert opinions against these standards as that of a "gatekeeper." *See Kumho Tire Company, Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999).

Under *Daubert* and its progeny, an expert opinion is reliable if it is based on scientific knowledge. "The adjective 'scientific' implies a grounding in the methods and procedures of science. Similarly, the word 'knowledge' connotes more than subjective

3

belief or unsupported speculation." *Daubert*, 509 U.S. at 590. In short, the touchstone of reliability is "whether the reasoning or methodology underlying the testimony is scientifically valid." *Id*. at 592 - 593; *see also Truck Insurance Exchange v. MagneTek, Inc.*, 360 F.3d 1206, 1210 (10th Cir. 2004). The party proffering the expert opinion must demonstrate both that the expert has employed a method that is scientifically sound and that the opinion is "based on facts which enable [the expert] to express a reasonably accurate conclusion as opposed to conjecture or speculation." *Goebel v. Denver and Rio Grande Western Railroad Co.*, 346 F.3d 987, 991 (10th Cir. 2003) (quoting *Gomex v. Martin Marietta Corp.*, 50 F.3d 1511, 1519 (10th Cir. 1995)).

Rule 702 demands also that the expert's opinion be relevant, that is, that the testimony "fit" the facts of the case. *Daubert*, 509 U.S. at 591-592; *In re Breast Implant Litigation*, 11 F.Supp.2d 1217, 1223 (D. Colo. 1998). "'[T]he standard for fit is higher than bare relevance.'" *In re Breast Implant Litigation*, 11 F.Supp.2d at 1223 (quoting *In re Paoli Railroad Yard PCB Litigation*, 35 F.3d 717, 745 (3rd Cir. 1994), *cert. denied*, 115 S.Ct. 1253 (1995)). The proffered evidence must speak clearly and directly to an issue in dispute in the case. *Id.*

Guided by these principles, the court has broad discretion in determining whether expert testimony is sufficiently reliable and relevant to be admissible. *Truck Insurance Exchange*, 360 F.3d at 1210; *Smith v. Ingersoll-Rand Co.*, 214 F.3d 1235, 1243 (10th Cir. 2000). The overarching purpose of the court's inquiry is "to make certain that the expert . . . employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Goebel*, 346 F.3d at 992

(quoting **Kumho Tire Company**, 526 U.S. at 152). Rule 702 requires that opinion testimony be the product of reliable principles and methods, and that an opinion witness has applied those principles and methods reliably to the facts of the case. The reliability analysis applies to all aspects of an expert's testimony, including the facts underlying the opinion, the methodology, and the link between the facts and the conclusion drawn. **Heller v. Shaw Indus.**, 167 F.3d 146, 155 (3d Cir.1999). Consequently, the court must make a practical, flexible analysis of the reliability of the testimony, considering relevant factors and the circumstances of the case. **See, e.g., Kumho Tire**, 526 U.S. at 149-52; **Heller**, 167 F.3d at 155.

Generally, "rejection of expert testimony is the exception rather than the rule." **U.S. v. Nacchio**, 519 F.3d 1140, 1154 (10th Cir. 2008) (quoting Fed. R. Evid. 702, 2000 Advisory Comm.'s Notes). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." **Daubert**, 509 U.S. 579 at 596.

B. James TenBrook

The defendants argue that the opinions expressed by the plaintiff's expert, James TenBrook, fail to address the narrow damages issues that are the subject of the Tenth Circuit's remand. As discussed above, I conclude that the Tenth Circuit's remand is not as narrow as the defendants propose. I conclude further that TenBrook's report [#691-1] expresses opinions concerning the plaintiff's damages that are within the scope of evidence permitted under the Tenth Circuit's remand.

The defendants argue also that TenBrook's new damages model is inadmissible because the basis for his calculation of a head start period is unreasonable and

5

speculative because TenBrook makes no effort to estimate how long it would have taken a company to develop the trade secret at issue in this case, absent misappropriation of that trade secret. I have reviewed TenBrook's report and the facts he cites as bases for his estimation of the head start period. *Motion* [#691], Exhibit A (TenBrook Report), p. 7. I conclude that TenBrook's opinion is based on facts that enable him to express a reasonably accurate conclusion on this issue. The flaws in TenBrook's opinion cited by the defendants go only to the weight to be accorded to his opinion and not to the admissibility of TenBrook's opinion.

C.  Steven J. Hazel

Steven J. Hazel opines that the defendants saved over 28 million dollars by misappropriating the plaintiff's trade secret. Hazel's opinion is proffered by the plaintiff in support of a theory of damages different from the head start theory on which the plaintiff relied at the first trial. The defendants argue that, under the terms of the Tenth Circuit's remand, the plaintiff is limited to pursuing a head start theory of damages. Hazel's opinion testimony must be excluded, the defendants argue, because it is not relevant to a head start theory of damages. As discussed above, I conclude that the Tenth Circuit's remand is not nearly as narrow as the defendants propose. Hazel's opinion is relevant to a cost savings theory of damages. The defendant's cost savings tied to the misappropriation of the plaintiff's trade secret is relevant to unjust enrichment damages, a type of damages recoverable on a claim for misappropriation of trade secrets. §7-74-104, C.R.S.  Thus, Hazel's opinion testimony is relevant and admissible under Fed. R. Evid. 702.

D.  Conclusion

The opinion testimony of James TenBrook and Steven J. Hazel is admissible

6

under Fed. R. Evid. 702. Therefore, I deny the defendants' motions [#690 & #691] to exclude this testimony.

### III. PLAINTIFF'S MOTION TO STRIKE

In its motion to strike [#707], the plaintiff argues that the defendants' motions to exclude the testimony of TenBrook and Hazel and the defendants' motion to bar the plaintiff from introducing evidence contrary to the Tenth Circuit's remand were filed out of time. The plaintiff notes that these motions were filed on August 17 and 20, 2010, and D.C.COLO.LCivR 7.1.C., allows a party responding to a motion 21 days to file a response. After that, the movant may file a reply within 14 days. Trial in this case is set to begin on September 13, 2010. Given these deadlines, the plaintiff argues, there is not sufficient time in advance of trial for these motions to be briefed fully.

I disagree with the plaintiff's argument. Each of the three motions was filed in time for the plaintiff to file responses in advance of the trial date. Under the circumstances of this case, the timing of the filing of these motions is not a basis for striking the motions. Given the substance of the three motions, I exercise my discretion to rule on the motions without a response from the plaintiff. D.C.COLO.LCivR 7.1.C. The plaintiff's motion to strike [#707] is denied.

### IV. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendants' Motion To Strike Plaintiff's Expert Designation of Steven J. Hazel** [#690] (sealed), [#692] (public entry for #690) filed August 17, 2010, is **DENIED**;

2. **Defendants' Motion To Strike Plaintiff's Expert Designation of James TenBrook** [#691] (sealed), [#693] (public entry for #691) filed August 17, 2010, is

7

**DENIED**;

3. That **Defendants' Motion *In Limine* to Bar Plaintiff from Introducing Evidence Contrary to the Mandate of the Tenth Circuit and the Law of the Case** [#702] (sealed), [#709] (public entry for #702) filed August 20, 2010, is **DENIED**; and

4. That **Plaintiff's Motion to Strike Defendants' Untimely Pre-trial Motions** [#707] filed August 23, 2010, is **DENIED**.

Dated September 7, 2010, at Denver, Colorado.

BY THE COURT:

/s/ Bob Blackburn
Robert E. Blackburn
United States District Judge