IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 01-cv-01644-REB-CBS

CARTEL ASSET MANAGEMENT, a Colorado corporation,

    Plaintiff,

v.

OCWEN FINANCIAL CORPORATION, a Florida corporation;
OCWEN FEDERAL BANK FSB, a subsidiary of OCWEN FINANCIAL CORPORATION and
OCWEN LOAN SERVICING, LLC,

    Defendants.

## ORDER GRANTING MOTION TO STRIKE DEFENDANTS' FOURTH SUPPLEMENTAL RESPONSES TO DISCOVERY

**Blackburn, J.**

This matter is before me on the **Plaintiff's Motion To Strike Defendants' Untimely Fourth Supplemental Responses To Plaintiff's Interrogatories and Requests for Production and for Award of Sanctions** [#755][1] filed September 7, 2010. The defendants filed a response [#767]. I grant the motion to the extent consistent with the following findings, conclusions, and orders.

A jury trial in this case is set to begin on Monday, September 13, 2010. On September 3, 2010, the defendants delivered to the plaintiff's counsel the defendants' fourth supplemental responses to certain discovery requests of the plaintiff. *Motion*, Exhibit A. The fourth supplemental responses include information about a survey of

---

[1] "[#755]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

about 40,000 persons that was transmitted by the defendants, via an e-mail to those persons, on or about August 27, 2010. The possible responses to the survey are potentially relevant to an issue of significant consequence in this case. The fourth supplemental response provides a general summary of the purpose of the survey, the questions asked in the survey, and the tenor of the responses that have been received. The fourth supplemental response names the company that conducted the survey, but provides little other detail about the survey.

Prior to the defendants' September 3, 2010, fourth supplemental responses, the defendants' witnesses, testifying as designees of the defendants under Fed. R. Civ. P. 30(b)(6), testified that they were unable to make the distinctions that the e-mail survey seeks and purports to make. In other words, the fourth supplemental responses reflect the defendants' efforts to develop and disclose, less than two weeks before trial, new information, and information contrary to the defendants' previous position, about an important issue via a survey directed to 40,000 potential respondents.

Fed. R. Civ. P. 26(g) (1)(B) provides that, by signing a discovery response, an attorney certifies that the response is "neither unreasonable nor unduly burdensome or expensive, considering the needs of the case . . . and the importance of the issues at stake in the action." Here, the defendants disclosed ten days before trial their efforts to survey 40,000 people about an issue relevant to this case. The results of the survey purportedly make an important distinction that the defendants' Fed. R. Civ. P. 30(b)(6) witnesses previously have testified they could not make based on the information available to them. The survey information was revealed to the plaintiffs ten calendar days, but only four business days before trial is to begin. In that brief window of time, considering the demands of trial preparation, it is virtually impossible for the plaintiff to

depose or otherwise examine the people who conducted the survey, or to examine thoroughly the survey materials and responses to determine, *inter alia*, whether the survey method was valid. The defendants cite no reason that they were unable to conduct such a survey at an earlier time.

Given these circumstances, and the circumstances of this case generally, I conclude that the defendants' late disclosure of the survey is unreasonable, unduly burdensome to the plaintiff, and prejudicial to the plaintiff. The defendants cite no reason that they could not have developed this information at an earlier time when the plaintiff could have a reasonable opportunity to examine the information and, if necessary, conduct further discovery.

Further, I note that the survey responses are from individuals who are not parties to this case. The responses purport to relay factual information about whether the individual respondents provided referrals of other brokers to conduct work on behalf of the defendants or associated entities during the period 2000 to the present. The responses ostensibly are inadmissible hearsay. Fed. R. Evid. 801, 802. Conceivably, the results of such a survey could be admissible under Fed. R. Evid. 703 via the testimony of an expert witness, but the deadline for designation of expert witnesses in this case expired on May 1, 2010.

The defendants' untimely disclosure implicates also the evidence and exhibits addressed in the **Final Pretrial Order** [#743] entered September 2, 2010. However, the defendants do not seek leave of the court to amend or supplement the Final Pretrial Order to facilitate the proper presentation and preservation of this proposed evidence.

The plaintiff seeks in its motion an award of sanctions under Fed. R. Civ. P. 26(g) and 28 U.S.C. § 1927. Because of my pending preparations for the trial of this case, I

defer ruling on the issue of sanctions.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Plaintiff's Motion To Strike Defendants' Untimely Fourth Supplemental Responses To Plaintiff's Interrogatories and Requests for Production and for Award of Sanctions** [#755] filed September 7, 2010, is **GRANTED** to the extent consistent with the foregoing findings, conclusions, and the following orders;

2. That any information contained in the **Defendants Ocwen Financial Corporation's, Ocwen Federal Bank's, and Ocwen Loan Servicing, LLC's Fourth Supplemental Responses To Plaintiff Cartel Asset Management's Interrogatories and Request for Production of Documents Prior To Retrial** [#755-1], and any related information concerning the survey described in that document, **SHALL NOT BE ADMISSIBLE** as evidence at trial; and

3. That I **DEFER RULING** on the plaintiff's request for sanctions under FED. R. CIV. P. 26(g) and 28 U.S.C. § 1927.

Dated September 10, 2010, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge

4