**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 01-cv-01644-REB-CBS

CARTEL ASSET MANAGEMENT, a Colorado corporation,

    Plaintiff,

v.

OCWEN FINANCIAL CORPORATION, a Florida corporation;
OCWEN FEDERAL BANK FSB, a subsidiary of OCWEN FINANCIAL CORPORATION
and
OCWEN LOAN SERVICING, LLC,

    Defendants.

**ORDER CONCERNING MOTION FOR AWARD OF PREJUDGMENT
INTEREST AND INCREASE IN PUNITIVE DAMAGE AWARD,
AND ORDER FOR ENTRY OF FINAL JUDGMENT**

**Blackburn, J.**

This matter is before me on the plaintiff's **Post-Verdict Motion for Award of Pre-Judgment Interest and for Increase in Amount of Punitive Damage Award** [#815][1] filed October 1, 2010. The defendants filed a response [#818], the plaintiff filed a reply [#819], and the defendants filed a sur-reply [#821]. I grant the motion in part and deny it in part, and I order the entry of final judgment on the terms specified in this order.

On September 24, 2010, at the conclusion of a jury trial, the jury in this case returned a verdict awarding damages in favor of the plaintiff against the defendants on

---

[1] "[#815]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

the plaintiff's claim of misappropriation of trade secrets. The trial was a re-trial on the issue of damages for misappropriation of trade secrets, including punitive damages. The re-trial on the issue of damages was ordered by the United States Court of Appeals for the Tenth Circuit. ***Cartel Asset Management v. Ocwen Financial Corp., et al.***, Nos. 04-1502 & 04-1517, 249 Fed. Appx. 63 (10th Cir. 2007). The jury in the first trial found, *inter alia*, that Ocwen Federal Bank FSB misappropriated trade secrets of plaintiff, Cartel Asset Management, when the bank misappropriated from Cartel a database of real estate brokers and agents who could provide broker price opinions (BPOs) concerning parcels of real estate. The jury in the second trial found that defendants, Ocwen Federal Bank FSB or Ocwen Loan Servicing, LLC, or both, were unjustly enriched as a result of the misappropriation of the trade secrets of the plaintiff, Cartel Asset Management. *Special Verdict Form* [#813-1] filed September 24, 2010, p. 1. I refer to the defendants collectively as Ocwen. The jury awarded the plaintiff 6,359,588 dollars in actual damages for unjust enrichment, as permitted under §7-74-104(1), C.R.S. *Id.*, p. 2. In addition, the jury awarded the plaintiff 6,359,588 dollars in punitive damages. *Id.*, p. 3.

I have jurisdiction over this case under 28 U.S.C. § 1332 (diversity). The plaintiff's claim is a claim under the Colorado Uniform Trade Secrets Act. §§7-74-101 to 7-74-110, C.R.S. Colorado law controls the resolution of the substantive issues in this diversity case. ***Erie Railroad Co. v. Tompkins***, 304 U.S. 64, 78 (1938); ***Royal Maccabees Life Insurance Co. v. Choren***, 393 F.3d 1175, 1180 (10th Cir. 2005). Federal law controls procedural issues. ***See, e.g., Sims v. Great American Life Ins. Co.***, 469 F.3d 870, 877 (10th Cir. 2006).

In its present motion, Cartel seeks an award of prejudgment interest under §5-

12-102, C.R.S., based on the jury's award of damages. In addition, on two independent bases, Cartel seeks an increase in the amount of punitive damages awarded by the jury. First, Cartel argues that any prejudgment interest awarded to Cartel based on the jury's award of unjust enrichment damages should be included in calculating the amount of punitive damages. Second, Cartel argues that the court should exercise its discretion under §13-21-102, C.R.S., to increase the amount of punitive damages awarded against the defendants. I analyze each issue in turn.

## I. PREJUDGMENT INTEREST

Cartel seeks an award of prejudgment interest under §5-12-102, C.R.S., which provides for an award of interest when money or property has been withheld wrongfully. The statute provides that "interest shall be an amount which fully recognizes the gain or benefit realized by the person withholding such . . . property from the date of the wrongful withholding to the date . . .judgment is entered . . . ." §5-12-102 (1)(a), C.R.S. Absent contrary agreement, such interest "shall be at the rate of eight percent per annum compounded annually. §5-12-102 (1)(b), C.R.S. "Prejudgment interest is a form of compensatory damages and represents a legislatively prescribed award for delay in a plaintiff's receipt of money to which he or she is legally entitled." ***Witt v. State Farm Mutual Auto. Ins. Co.***, 942 P. 2d 1326, 1327 (Colo. App. 1997). When "entitlement and the amount of prejudgment interest is clearly ascertainable from the verdict or from uncontroverted facts, the court itself may compute and add the interest to the verdict." ***Tripp v. Cotter Corp.***, 701 P.2d 124, 126 (Colo. App.1985). Stated differently, "(p)rejudgment interest is allowable where the amount of damages is definitely ascertainable by mathematical computation, or if the evidence furnishes data that makes it possible to compute the amount without reliance on opinion or discretion." 1

Dan B. Dobbs, *Dobbs Law of Remedies: Damages, Equity, Restitution* § 3.6(1), at 336 (2d ed. 1993) (quoted in **Harris Group, Inc. v. Robinson**, 209 P.2d 1188, 1208 (Colo. App. 2009)).

Analyzing prejudgment interest under §5-12-102, C.R.S., the Colorado Supreme Court has held that an award of interest under that section must be measured from the date the wrongful withholding in question occurred.

> The time when the plaintiff is "wronged" may or may not be the same time when the plaintiff's money or property is "wrongfully withheld." The plaintiff is wronged when he suffers an injury caused by the defendant. However, "wrongful withholding" occurs when plaintiff's injury is measured because the damages, if then paid, would make the plaintiff whole. Therefore, the date of the "wrong" is the same as the date of "wrongful withholding" only where the damages are measured as of the date of the injury. If, however, the damages are measured as of a date subsequent to the date of the injury, "wrongful withholding" occurs some time after the plaintiff was "wronged." Because section 5-12-102(1)(b) awards prejudgment interest from the date of "wrongful withholding," the prejudgment interest accrual date depends on the measure of damages insofar as different measures of damages may quantify the plaintiff's injury as of different dates.

**Goodyear Tire & Rubber Co. v. Holmes**, 193 P.3d 821, 827 (Colo. 2008).

The trade secret theft at issue in this case occurred in March, 2000. Advocating the use of this date as a trigger date, Cartel argues that it should be awarded prejudgment interest on the jury's verdict from April 1, 2000, through the date judgment enters. Damages in this case were measured by determining the profits Ocwen earned and the cost savings Ocwen realized by using Cartel's trade secret. At trial, evidence was presented that Ocwen used Cartel's trade secret from March, 2000, through August 10, 2009. The plaintiff did not present evidence that Ocwen used the trade secret beyond August 10, 2009, and did not present evidence of any profit Ocwen earned or cost savings Ocwen realized by using the trade secret after August 10, 2009. Ocwen argues that the relevant profit and cost savings accrued to it incrementally over this long

4

span of years and, therefore, the "wrongful withholding," as measured in this case, did not occur all at once on April 1, 2000.  Therefore, Ocwen asserts that measuring prejudgment interest from April 1, 2000, is contrary to **Holmes**; *see also Netquote, Inc. v. Byrd*, 2009 WL 902437, *13 - *14 (D. Colo. 2009) (not reported in F. Supp. 2d). Ocwen argues also that, based on the verdict and uncontroverted evidence in this case, a basis for the calculation of prejudgment interest is not clearly ascertainable.  Cartel proposes at least two alternative bases for calculating prejudgment interest.[2]

At the conclusion of the retrial, the jury awarded damages to Cartel based on uncontroverted evidence that Ocwen misappropriated Cartel's trade secret in March, 2000, and that Ocwen used the trade secret consistently from that time until August 10, 2009.  The jury was presented with varied and conflicting evidence about the amount of profit Ocwen earned and cost savings Ocwen realized by using the trade secret over this period of time.  Cartel's damages in this case were measured properly by determining Ocwen's relevant profit and costs savings over this period of time. The rate at which these profits and cost savings accrued to Ocwen over this nine year period is not  clearly ascertainable from the verdict or from the uncontroverted facts.  By the same token, the rate at which these damages accrued to Cartel over this nine year period is not  clearly ascertainable from the verdict or from the uncontroverted facts. Therefore, awarding prejudgment interest to Cartel on the full amount of damages from April 1, 2000, to the date of the judgment is not supported by the record in this case. Similarly, estimating the rate at which these damages accrued to Cartel over this nine year period, as proposed by Cartel in its reply, also is not supported by the record in this

---

[2] I disagree with Cartel's contention that the burden of proving the timing of Ocwen's ill-gotten gains has shifted to Ocwen.  *See reply* [#819] filed November 12, 2010, p. 6.

5

case. A rate of accrual is not clearly ascertainable from the verdict or from the uncontroverted facts.

However, it is clearly ascertainable from the uncontroverted facts in the record that all of the profits and cost savings at issue in this case had accrued to Ocwen as of August 10, 2009. That is the date on which Ocwen ceased using Cartel's trade secret. All of Cartel's actual damages for misappropriation of its trade secret had accrued as of this date. Under the law summarized above, measuring prejudgment interest from this readily ascertainable point in time is most reasonable. The jury awarded Cartel 6,359,588 dollars for damages for unjust enrichment. Applying the statutory rate of eight percent per annum, compounded annually, 508,767 dollars in prejudgment interest accrued as of August 10, 2010. As of that date, the relevant principal amount was 6,868,355 dollars. From August 10, 2010, to the present, interest on that principal amount accrues at 1,505.39 dollars per day. It is on this basis that I award Cartel prejudgment interest on the damages for unjust enrichment that were awarded by the jury.

## II. INCLUSION OF PREJUDGMENT INTEREST IN AWARD OF PUNITIVE DAMAGES

In addition to unjust enrichment damages, the jury awarded Cartel 6,359,588 dollars in punitive damages. *Special Verdict Form* [#813-1] filed September 24, 2010, p. 3. The jury was instructed that it could not award punitive damages in an amount greater than the amount of actual damages awarded to the plaintiff. *Instruction No. 15* [#813-3], p. 24. This cap on exemplary damages is required by §13-21-102(1)(a), C.R.S., which provides:

> In all civil actions in which damages are assessed by a jury for a wrong done to the person or to personal or real property, and the injury

>complained of is attended by circumstances of fraud, malice, or willful and wanton conduct, the jury, in addition to the actual damages sustained by such party, may award him reasonable exemplary damages. The amount of such reasonable exemplary damages shall not exceed an amount which is equal to the amount of the actual damages awarded to the injured party.

Based on its award of damages for unjust enrichment, the jury awarded the maximum amount of punitive damages permitted by §13-21-102(1)(a). In its present motion, Cartel argues that the punitive damages award should be enlarged based on the award of prejudgment interest on the jury's award of damages for unjust enrichment. In essence, Cartel argues that the amount of prejudgment interest awarded on the jury's award of unjust enrichment damages should be added to the amount of unjust enrichment damages, and the total amount of unjust enrichment damages, including prejudgment interest, should be awarded also as punitive damages. I disagree.

Under Colorado law, prejudgment interest may not be awarded based on an award of punitive or exemplary, damages. **See Seaward Const. Co., Inc. v. Bradley**, 817 P.2d 971, 976 (Colo. 1991) (applying §13-21-101, C.R.S., as basis for award of prejudgment interest); **Lira v. Davis**, 832 P.2d 240, 246 (Colo. 1992). "Because the purpose of a punitive damage award is not to compensate the plaintiff, and a right to punitive damages does not exist until such damages are awarded by a trier of fact, to allow prejudgment interest on punitive damages would be inconsistent with the compensatory purpose of section 13-21-101." **Seward**, 817 P.2d at 976. However, when based on an award of compensatory damages, "(p)rejudgment interest is a form of compensatory damages and represents a legislatively prescribed award for delay in a plaintiff's receipt of money to which he or she is legally entitled." **Witt v. State Farm Mutual Auto. Ins. Co.**, 942 P. 2d 1326, 1327 (Colo. App. 1997).

Cartel argues, in essence, that an award of prejudgment interest tied to the jury's award of unjust enrichment damages is another element of compensatory damages for Ocwen's misappropriation of Cartel's trade secret. When the jury awarded punitive damages, Cartel notes, the jury awarded precisely the same amount it awarded for unjust enrichment damages. Following the same approach as used by the jury, Cartel contends, the court should enhance the award of punitive damages by the amount of prejudgment interest awarded on the unjust enrichment damages.

Two judges of this court have concluded that Colorado's statutory cap on exemplary damages is measured by the sum of compensatory damages plus prejudgment interest awarded on compensatory damages. **Cook v. Rockewll Intern. Corp.**, 564 F. Supp. 2d 1189, 1220 (D. Colo. 2008) (Kane, J.), **rev'd on otr. grounds, Cook v. Rockwell intern. Corp.**, 618 F.3d 1127 (10th Cir. 2010); **James v. Coors Brewing Co.**, 73 F.Supp.2d 1250, 1254 (D. Colo. 1999) (Babcock, J.). Until recently, the Colorado appellate courts had not addressed this issue directly. Recently, the Colorado Court of Appeals addressed this issue in **Vickery v. Vickery**, ___ P.3d ___, 2010 WL 963204 (Colo. App. 2010), **cert. granted**, 2010 WL 4159683 (Colo. Oct. 18, 2010) (10SC81). In **Vickery**, the trial court entered an award of exemplary damages based on the compensatory damages assessed by the jury without including the amount of prejudgment interest awarded on the compensatory damage awards when calculating exemplary damages. **Id**. at ___, *3. The **Vickery** court held that the phrase "actual damages awarded" as used in §13-21-102(1)(a), C.R.S., refers to the jury's compensatory damage verdict alone, excluding prejudgment interest. **Id**. at ____, *7 - *8. The **Vickery** court concluded that there is no language in §13-21-101(1)(a) "expressly dictating that prejudgment interest should be included in the base on which

8

exemplary damages" are calculated. *Id*. at \_\_\_, *8.  Further, the court concluded that including prejudgment interest when calculating exemplary damages would result effectively in an award of prejudgment interest on exemplary damages, a result contrary to the law established in *Seaward*. *Id*.  Finally, the court of appeals examined the applicability of the Colorado Supreme Court's opinion in *Lira v. Davis* to the issue presented in *Vickery* and concluded that, to the extent *Lira* is applicable, the holding in *Lira* supports the analysis adopted by the *Vickery* court.  *Id*.  The court of appeals noted the contrary rationale and result stated in *James v. Coors Brewing Co.*, 73 F.Supp.2d 1250, 1254 (D. Colo. 1999), but rejected the *James* rationale.  *Id*. at \_\_\_, *9.

"When the federal courts are called upon to interpret state law, the federal court must look to the rulings of the highest state court, and, if no such rulings exist, must endeavor to predict how that high court would rule." *Johnson v. Riddle*, 305 F.3d 1107, 1118 (10th Cir. 2002).  Given the information discussed in this order, my best prediction of how the Colorado Supreme Court will rule on this issue is that the Colorado Supreme Court will rule in a manner consistent with the ruling of the Colorado Court of Appeals in *Vickery*.  On this basis, I conclude that the award of exemplary damages to Cartel in this case may not be enhanced by including in that award an amount equal to the prejudgment interest awarded to Cartel on the unjust enrichment damages awarded to Cartel.

### III.  INCREASE IN PUNITIVE DAMAGES UNDER §13-21-102, C.R.S.

Under §13-21-102(3), C.R.S., a trial court may increase any award of exemplary damages to a sum not to exceed three times the amount of actual damages, if it is shown that

    (a) The defendant has continued the behavior or repeated the action

9

> which is the subject of the claim against the defendant in a willful and wanton manner, either against the plaintiff or another person or persons, during the pendency of the case; or
>
> (b) The defendant has acted in a willful and wanton manner during the pendency of the action in a manner which has further aggravated the damages of the plaintiff when the defendant knew or should have known such action would produce aggravation.

Cartel argues that the award of punitive damages against Ocwen should be increased because Ocwen continued to use Cartel's trade secret after the jury in the first trial returned a verdict in favor of Cartel, in July, 2004, and after the United States Court of Appeals for the Tenth Circuit upheld that verdict in September, 2007, to the extent it determined that Ocwen had misappropriated Cartel's trade secret.

The undisputed evidence presented at the second trial demonstrated that Ocwen continued to use Cartel's trade secret through August 10, 2009, even though Ocwen was aware of the jury verdict and Tenth Circuit rulings that Ocwen had misappropriated the trade secret. For example, on September 16, 2010, Ron Faris, the President of Ocwen Financial Corporation, testified that Faris and Ocwen were aware in 2004 that Ocwen had "done something wrong" when it misappropriated Cartel's BPO database. When asked about Ocwen's continued use of the BPO database, Faris noted that at the end of the first trial, the trial court determined that there were no real damages or penalty for what Ocwen had done, and he noted that Cartel had continued access to the BPO database despite Ocwen's misappropriation. These statements were made in an effort to justify Ocwen's continued use of the misappropriated database. In essence, the testimony of Faris and other evidence in the record demonstrates that Ocwen continued to use the BPO database despite binding determinations that Ocwen had, in effect, stolen the database from Cartel. Ocwen continued to use Cartel's trade secret

10

until August 10, 2009, when Ocwen determined for reasons unrelated to this litigation that it no longer would do business as a provider of BPOs. Some evidence was presented indicating that Ocwen tapered off its use of the Cartel BPO database after the ruling by the appellate court in this case.

Having seen and heard all of the evidence presented at the second trial of this case, which was conducted in September, 2010, I find and conclude that Ocwen acted (1) in a willful and wanton manner during a portion of the pendency of this action, *a fortiori*, after the ruling by the appellate court in September, 2007; and (2) in a manner that further aggravated the damages of Cartel, even though Ocwen knew or should have known that its actions would produce aggravation. Particularly troublesome is Ocwen's continued misappropriation between September, 2007, when the appellate court ruled against Ocwen, and August 10, 2009, when Ocwen ceased the misappropriation. Therefore, I conclude that the jury's award of punitive damages in this case should be increased by one million dollars.

## IV.  CONCLUSION & ORDERS

Under §5-12-102, C.R.S., Cartel is entitled to an award of prejudgment interest on the jury's award of damages for unjust enrichment in this case. Based on the jury's verdict and the uncontroverted facts in the record, the only clearly ascertainable date from which prejudgment interest can be calculated with any reasonable degree of certainty is August 10, 2009.

Thus, applying the statutory rate of eight percent per annum, compounded annually, 508,767 dollars in prejudgment interest accrued in the year between August 10, 2009,and August 10, 2010, on the relevant principal amount of damages of 6,868,355 dollars. From August 11, 2010, to the present, interest on that principal

11

amount accrues at 1,505.39 dollars per day.

Judgment in this case will enter on March 29, 2011, which is 230 days after August 11, 2010. For that 230 day period, Cartel is entitled to an additional 346,240 dollars in prejudgment interest.

Thus, the total award of prejudgment interest is 855,007 dollars. Again, under Colorado law, this award of prejudgment interest may not be included in determining or enhancing the award of punitive damages to Cartel.

Under §13-21-102(3), C.R.S., the jury's award of punitive damages in this case should be increased by one million dollars. Thus, the total punitive damages awarded to Cartel is 7,359,588 dollars.

Finally, the parties stipulated at trial that defendant, Ocwen Financial Corporation, is a defendant in this case solely as a guarantor of any damages awarded against defendant, Ocwen Federal Bank FSB, which is a subsidiary of Ocwen Financial Corporation. Accordingly, I enter judgment also against defendant, Ocwen Financial Corporation.

**THEREFORE, IT IS ORDERED** as follows:

1. That the plaintiff's **Post-Verdict Motion for Award of Pre-Judgment Interest and for Increase in Amount of Punitive Damage Award** [#815] filed October 1, 2010, is **GRANTED** in part consistent with the foregoing findings of fact and conclusions of law and the following orders;

2. That based on the verdict [#813-1] of the jury in this case and on the foregoing findings of fact and conclusions of law, **JUDGMENT SHALL ENTER** as required by FED. R. CIV. P. 58(a), in favor of the plaintiff, Cartel Asset Management, against the defendants, Ocwen Financial Corporation, Ocwen Federal Bank FSB, a

subsidiary of Ocwen Financial Corporation, and Ocwen Loan Servicing, LLC, jointly and severally, in the total amount of 14,574,183 dollars allocated as follows:

    A. 6,359,588 dollars as damages for unjust enrichment;

    B. 855,007 dollars as prejudgment interest under §5-12-102, C.R.S.; and

    C. 7,359,588 dollars as punitive damages based on the verdict of the jury [#813-1] as enhanced by the court under §13-21-102(3), C.R.S.;

    3. That post judgment interest shall accrue at the rate of 0.26 percent per annum, as provided in 28 U.S.C. § 1961;

    4. That the plaintiff, Cartel Asset Management, is **AWARDED** its costs to be taxed by the Clerk of the Court pursuant to FED. R. CIV. P. 54(d)(1), and D.C.COLO.LCivR 54.1, and paid by the defendants jointly and severally; and

    5. That otherwise, the plaintiff's **Post-Verdict Motion for Award of Pre-Judgment Interest and for Increase in Amount of Punitive Damage Award** [#815] filed October 1, 2010, is **DENIED**.

    Dated March 29, 2011, at Denver, Colorado.

                                                   **BY THE COURT:**

                                                   *[signature: Bob Blackburn]*
                                                   Robert E. Blackburn
                                                   United States District Judge