**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 01-cv-01644-REB-CBS

CARTEL ASSET MANAGEMENT, a Colorado corporation,

    Plaintiff,

v.

OCWEN FINANCIAL CORPORATION, a Florida corporation;
OCWEN FEDERAL BANK FSB, a subsidiary of OCWEN FINANCIAL CORPORATION, and
OCWEN LOAN SERVICING, LLC, in its capacity as successor-in-interest to OCWEN FEDERAL BANK, FSB,

    Defendants.

**ORDER CONCERNING MOTION FOR REVIEW
OF CLERK'S TAXATION OF COSTS**

**Blackburn, J.**

This matter is before me on the **Plaintiff's Motion for Judicial Review of Clerk's Taxation of Costs** [#863][1] filed July 11, 2011.  The defendant filed a response [#875], and the plaintiff filed a reply [#876].  I grant the motion in part and deny it in part.

Allowable costs are delineated by 28 U.S.C. § 1920.  The burden is on the prevailing party to establish that the expenses it seeks to have taxed as costs are authorized by section 1920.  ***English v. Colorado Department of Corrections***, 248 F.3d 1002, 1013 (10th Cir. 2001); ***Griffith v. Mt. Carmel Medical Center***, 157 F.R.D. 499, 502 (D. Kan. 1994).  Expenses not specifically authorized by the statute are not

---

[1] "[#863]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

recoverable as costs. ***Crawford Fitting Co. v. J.T. Gibbons, Inc.***, 482 U.S. 437, 441-42, 107 S.Ct. 2494, 2497, 96 L.Ed.2d 385 (1987); ***Bee v. Greaves***, 910 F.2d 686, 690 (10th Cir. 1990). Moreover, even where costs are allowed by statute, the prevailing party still must demonstrate that the amount requested is reasonable. ***See U.S. Industries, Inc. v. Touche Ross & Co.***, 854 F.2d 1223, 1245 (10th Cir. 1988), ***overruled on other grounds as recognized by Anixter v. Home-Stake Products Co.,*** 77 F.3d 1215, 1231 (10th Cir. 1996).

The plaintiff, Cartel Asset Management (Cartel), asks that the court award costs in addition to those awarded to Cartel by the Clerk of the Court in the **Bill of Costs** [#856]. First, Cartel seeks an award of the cost of the deposition transcript of James TenBrook, who was an expert witness. The invoice reflecting this cost was attached to Cartel's reply [#855] in support of its bill of costs, which was filed before the Clerk of the Court evaluated Cartel's bill of costs. The award of this transcript cost, 1,094 dollars, is appropriate. In addition, I conclude that an award of costs for the transcripts of other witness depositions, described in Cartel's motion at pages 4 to 5, is appropriate also. These transcripts were reasonably necessary to the prosecution of this case. Thus, an award of an additional 1,853 dollars for the costs of these transcripts is appropriate.

Cartel argues also for an award of additional costs under §13-16-122, C.R.S., the general cost shifting statute of the State of Colorado. This case is a diversity case in which Cartel successfully litigated, under Colorado law, a theft of trade secrets claim against the defendants. Section 13-16-122 gives a court discretion to award a variety of costs to a successful litigant. An award of costs under this statute lies within the discretion of the trial court. ***Valentine v. Mountain States Mut. Cas. Co.***, 252 P.3d 1182, 1188 (Colo. App. 2011).

In *Chaparral Resources, Inc. v. Monsanto Co.*, the United States Court of Appeals for the Tenth Circuit held that a Colorado statute, which permitted a discretionary award of costs, cannot properly be used as a basis for an award of costs in a diversity case in federal court.  849 F.2d 1286, 1292-1293 (10th Cir 1988).  Cartel argues that the Tenth Circuit's opinion in *Garcia v. WalMart Stores, Inc.*, 209 F.3d 1170 (10th Cir. 2000), permits an award of costs under Colorado law in a case such as the above-captioned matter.  The *Garcia* court noted the holding in *Chaparral* and compared the statutes at issue in the two cases.  *Garcia*, 849 F.2d at 1178. The state statute at issue in *Garcia* mandated an award of costs, while the state statute at issue in *Chaparral* committed an award of costs to the discretion of the court.  Because the statute in *Garcia* was mandatory, the Tenth Circuit held that an award of costs under the state statute was proper.  *Id*.  Contrastingly, the *Garcia* court noted that the state statue at issue in *Chaparral* led to a different result because that statute was discretionary rather than mandatory.  *Garcia*, 209 F.3d at 1178.

In this case, Cartel seeks an award of additional costs under §13-16-122, C.R.S. That statute permits a discretionary award of costs.  Under *Chaparral* such an award is not proper in this diversity case.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Plaintiff's Motion for Judicial Review of Clerk's Taxation of Costs** [#863] filed July 11, 2011, is **GRANTED** in part;

2. That the plaintiff is **AWARDED** 1,853 dollars for the costs of deposition transcripts, in addition to the costs previously awarded in the **Bill of Costs** [#856];

3. That otherwise, the **Plaintiff's Motion for Judicial Review of Clerk's Taxation of Costs** [#863] filed July 11, 2011, is **DENIED**.

Dated March 19, 2012, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

Case 1:01-cv-01644-REB-CBS   Document 882   Filed 03/19/12   USDC Colorado   Page 4 of 4